

**FILED & ENTERED**

**AUG 28 2023**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY gonzalez DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re:  Arts District Patients Collective, Inc., Debtor. | Case No.:    2:23-bk-10604-ER<br><br>Chapter:    11 (Subchapter V)<br><br>**MEMORANDUM OF DECISION: (1) GRANTING UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE AND (2) DENYING SALE/SETTLEMENT MOTION AS MOOT**<br><br>**[RELATES TO DOC. NO. 60]**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

Before the Court is the motion of the United States Trustee (the "UST") to dismiss the Debtor's case pursuant to § 1112(b) (the "Motion to Dismiss").[1] The Debtor does not oppose the Motion to Dismiss.[2] Pursuant to Civil Rule 78(b) and LBR 9013-1(j)(3),[3] the Court finds this matter to be suitable for disposition without oral argument. For the reasons set forth below, the

---

[1] The Motion to Dismiss [Doc. Nos. 60–61 and 63] is joined by 608 Mateo, LLC, one of the Debtor's creditors. Doc. No. 67.

[2] Doc. No. 70.

[3] Unless otherwise indicated, all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86; all "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037; all "Evidence Rule" references are to the Federal Rules of Evidence, Rules 101–1103; all "LBR" references are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California, Rules 1001-1–9075-1; and all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532.

Motion to Dismiss is **GRANTED**,[4] and the hearing on the Motion to Dismiss, set for August 30, 2023 at 10:00 a.m., is **VACATED**.

## I. Background

The Debtor filed a voluntary Chapter 11 petition on February 2, 2023 (the "Petition Date") and elected treatment under Subchapter V. The Debtor filed a *Chapter 11 Plan of Liquidation* [Doc. No. 46] (the "Plan") on May 24, 2023.

The Court conducted a Subchapter V Status Conference on June 14, 2023. The purpose of the Status Conference was to determine whether it would be feasible for the Debtor to seek confirmation of the Plan prior to the resolution of disputes with Swamp Capital, LLC ("Swamp Capital"). The Debtor disputes Swamp Capital's claim of a 50% interest in the Debtor, and contends that 100% of the Debtor's shares are held by James Shaw. The Debtor also disputes the validity of Claim No. 6, a secured claim in the amount of approximately $4.4 million asserted by Swamp Capital.

The Debtor holds an interest in applications for licenses with the City of Los Angeles Department of Cannabis Regulation (the "License Applications"). At the Status Conference, the Debtor represented that it was attempting to settle its disputes with Swamp Capital. The contemplated settlement would involve the sale of the License Applications to Swamp Capital.

At the Status Conference, the United States Trustee (the "UST") stated that if the Debtor attempted to sell or otherwise monetize the License Applications, he intended to seek dismissal of the case.

On June 14, 2023, the Court entered an order fixing July 26, 2023 as the deadline for the Debtor to file a motion to approve the contemplated settlement with Swamp Capital and the sale of the License Applications to Swamp Capital (the "Sale/Settlement Motion"). *See* Bankr. Doc.

---

[4] The Court reviewed the following pleadings in adjudicating this matter:
1) Notice of Motion and Motion Under 11 U.S.C. § 1112(b) to Dismiss Case [filed by the UST] (the "Motion to Dismiss") [Doc. No. 60];
    a) Request for Judicial Notice in Support of [Motion to Dismiss] [Doc. No. 61];
    b) US Trustee's Submission of Unpublished Opinions [Doc. No. 63];
    c) Creditor 608 Mateo, LLC's Joinder in the U.S. Trustee's [Motion to Dismiss] [Doc. No. 67];
2) Subchapter V Trustee's Limited Response and Request that in the Event of Dismissal the Court Reserve Jurisdiction [Doc. No. 69];
3) Debtor's Response to Motion to Dismiss Case Under 11 U.S.C. § 1112(b) [Doc. No. 70];
4) Motion for Order Authorizing Debtor to Enter Into Settlement Agreement [Doc. No. 54] (the "Sale/Settlement Motion");
5) Opposition of the United States Trustee to Motion for Order Authorizing Debtor to Enter Into Settlement Agreement [Doc. No. 65];
    a) Creditor 608 Mateo, LLC's Joinder in the U.S. Trustee's Opposition to Debtor's Motion for Order Authorizing Debtor to Enter Into Settlement Agreement [Doc. No. 68];
6) Withdrawal of Motion for Order Authorizing Debtor to Enter Into Settlement Agreement [Doc. No. 71].

No. 49 (the "Scheduling Order"). The Scheduling Order also fixed August 9, 2023 as the deadline for the UST to file a motion to dismiss the case (the "Motion to Dismiss").

The Debtor filed the Sale/Settlement Motion by the July 26, 2023 deadline. However, the Sale/Settlement Motion did not include a finalized version of the settlement agreement between the Debtor and Swamp Capital (the "Settlement Agreement"). The Sale/Settlement Motion explained that "[a]lthough the Debtor and Swamp [Capital] have agreed to the general terms of the [Settlement] Agreement, a final executed agreement is not yet available."[5]

The UST filed an objection to the Sale/Settlement Motion,[6] arguing (1) that it failed to describe the Settlement Agreement with sufficient particularity and (2) that the Court could not authorize the sale of the License Applications because approving the sale "essentially would open the door for another entity to violate federal law."[7] After the UST filed its objection, the Debtor filed a notice purporting to withdraw the Sale/Settlement Motion.[8]

The UST filed its Motion to Dismiss on August 9, 2023. The UST argues that dismissal is warranted because (1) the Debtor has failed to provide any explanation or documents supporting the value or marketability of the License Applications that it claims are crucial to funding the Plan and (2) the License Applications cannot be sold through the bankruptcy process, as any such sale would improperly involve the Court in activities violating federal drug laws.

The Debtor does not oppose the Motion to Dismiss. It states that the "Settlement Agreement … has not been finalized and may never be," and that accordingly "the likelihood that the Debtor will be able to confirm a chapter 11 plan is uncertain."[9]

## II. Findings and Conclusions

Section 1112(b) provides that the Court, upon request of a party in interest, "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." Section 1112(b)(4) contains a nonexclusive list of factors that constitute cause for dismissal or conversion. These nonexclusive factors include (1) the "[f]ailure timely to provide information … reasonably requested by the United States trustee," § 1112(b)(4)(H), and (2) "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation," § 1112(b)(4)(A). The factors set forth in § 1112(b)(4) "are not exhaustive, and 'the court will be able to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases.'" *Pioneer Liquidating Corp. v. United States Trustee (In re Consol. Pioneer Mortg. Entities)*, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000), *aff'd,* 264 F.3d 803 (9th Cir. 2001).

The Debtor has failed to provide copies of the License Applications to the UST and the Subchapter V Trustee and has failed to respond to requests from the UST and Subchapter V Trustee for information regarding the value and marketability of the License Applications. The Debtor has taken the position that monetizing the License Applications would play a significant

---

[5] Sale/Settlement Motion [Doc. No. 54] at ¶ 10.
[6] The UST's objection is joined by creditor 608 Mateo, LLC. Doc. No. 68.
[7] Doc. No. 65 at p. 3.
[8] Doc. No. 71.
[9] Doc. No. 70 at p. 2.

role in its efforts to reorganize. The Debtor's failure to provide information reasonably requested by the UST constitutes cause for dismissal or conversion pursuant to § 1112(b)(4)(H).

In addition, by the Debtor's own admission, the "likelihood that the Debtor will be able to confirm a chapter 11 plan is uncertain."[10] This "absence of a reasonable likelihood of rehabilitation," § 1112(b)(4)(A), is further cause for dismissal or conversion.

Having found "cause" for dismissal or conversion under § 1112(b), the Court's next task is to determine whether dismissal or conversion is in the best interests of creditors. *Shulkin Hutton, Inc. v. Treiger (In re Owens)*, 552 F.3d 958, 961 (9th Cir. 2009). The only creditor who has filed papers in connection with the Motion to Dismiss is 608 Mateo, LLC ("Mateo"), which asserts a claim in excess of $1.4 million based upon an alleged breach of a lease. Mateo supports dismissal, as opposed to conversion, of the case. Mateo's preference is entitled to significant consideration, as it is the only creditor that chose to take a position on the Motion to Dismiss. The Court also notes that the UST favors dismissal in lieu of conversion. The Court finds dismissal, not conversion, to be the appropriate remedy.

The Court need not, and does not, reach the issue of whether the Debtor's ownership of cannabis-related assets constitutes a separate and independent ground requiring dismissal. The Debtor's failure to provide information regarding the License Applications and the absence of a likelihood of rehabilitation are, standing alone, more than sufficient grounds to dismiss the case. In view of the dismissal of the case, the Sale/Settlement Motion is **DENIED AS MOOT**.[11]

Notwithstanding the dismissal of the case, the Court will retain jurisdiction to enable the Subchapter V Trustee to file a final fee application and obtain a ruling thereon. The undersigned judge will be retiring from the bench on September 30, 2023. As explained in the Public Notice issued on August 9, 2023 (attached as **Exhibit A** and available on the Court's website at https://www.cacb.uscourts.gov/sites/cacb/files/documents/news/PN%2023-015.pdf), this case will be reassigned to the Hon. Sandra R. Klein, effective September 15, 2023. Therefore, the Subchapter V Trustee's final fee application will be heard by Judge Klein.

### III. Conclusion

Based upon the foregoing, the Motion to Dismiss is **GRANTED**, and the Sale/Settlement Motion is **DENIED AS MOOT**. Notwithstanding the dismissal, the Court retains jurisdiction to hear the Subchapter V Trustee's final fee application. The Court will prepare and enter an order consistent with this Memorandum of Decision.

---

[10] Doc. No. 70 at p. 2.

[11] After the UST opposed the Sale/Settlement Motion, the Debtor filed a notice purporting to voluntarily dismiss the Sale/Settlement Motion. Pursuant to Civil Rule 41(a)(2), made applicable to this contested matter by Bankruptcy Rule 9014(c), a movant may not voluntarily dismiss an opposed motion absent a court order or a stipulation signed by the opposing party. These provisions of Civil Rule 41(a)(2) are reiterated in Local Bankruptcy Rule 9013-1(k). The Debtor did not obtain a Court order or a stipulation providing for dismissal of the Sale/Settlement Motion. Therefore, it is appropriate for the Court to enter an order denying the Sale/Settlement Motion as moot.

###

Date: August 28, 2023

Ernest M. Robles
United States Bankruptcy Judge

# Exhibit A—Public Notice



**UNITED STATES BANKRUPTCY COURT**
CENTRAL DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK

KATHLEEN J. CAMPBELL
Executive Officer
Clerk of Court

## PUBLIC NOTICE

## RE: REASSIGNMENT OF JUDGE ROBLES' CASELOAD EFFECTIVE SEPTEMBER 15, 2023

Effective September 15, 2023, Judge Ernest M. Robles' pending bankruptcy cases and related pending adversary proceedings will be reassigned to Los Angeles Division judges, as specified in the following table:

| Cases Ending in Digit | Reassigned to Judge | Judge's Initials |
|---|---|---|
| 0 | Judge Neil W. Bason | NB |
| 1, 2 | Judge Sheri Bluebond | BB |
| 3 | Judge Julia W. Brand | WB |
| 4 | Judge Sandra R. Klein | SK |
| 5, 6 | Judge Barry Russell | BR |
| 7 | Judge Deborah J. Saltzman | DS |
| 8, 9 | Judge Vincent P. Zurzolo | VZ |

Following the reassignments, the judge's initials at the end of the bankruptcy case and adversary proceeding numbers shall be changed to those to whom the matter was reassigned.

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

23-015 (08/09/23)

Edward R. Roybal Federal Building and Courthouse ♦ 255 East Temple Street ♦ Los Angeles, California 90012
www.cacb.uscourts.gov